THOMAS C. HORNE
ATTORNEY GENERAL

JONATHAN WEISBARD (012011)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8622
Fax: (602) 542-3393
DefensePhx@azag.gov
Jonathan.Weisbard@azag.gov

*Attorneys for Defendants State of Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| George Reidhead, an individual, Estate of Brenda Lee Todd, a legal entity, Liana Todd, Shawn todd, S.W. the natural child of Brenda Lee Todd, by and through her Next Friend, Anthony Jack Wroblewski,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Arizona; Charles L. Ryan, Director of Arizona Department of Corrections in his official capacity as Director of Arizona Department of Corrections; CO II John Coughlin, in his individual and official capacities, CO II Tory Payne, in his individual and official capacities; CO II George Reyes, in his individual and official capacities; CO II Cherise Nelson, in her individual and official capacities; Sergeant Arthur Maldonado, Sergeant Joseph Swirsky, Nurse Debra Elder, John Doe Officers I-X; Jane Doe Officers I-X; John Doe Supervisors I-X; Jane Doe Supervisors I-X; John Does I-X; Jane Does I-X; Black Corporations I-X; and White Partnerships I-X,<br><br>Defendants. | No: 2:12-CV-00089-PHX-LOA<br><br>**STATE DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants State of Arizona, Charles L. Ryan, John Coughlin, Tory Payne, George Reyes, Cherise Nelson, Arthur Maldonado, Joseph Swirsky, Debra Elder, for their Answer to Plaintiffs' Complaint, admit, deny and allege as follows:

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of Plaintiffs' Complaint, these Defendants acknowledge that Plaintiffs' Complaint makes allegations concerning the Fourth Amendment, the Eighth Amendment, and 42 U.S.C. § 1983, as well as Arizona law. Defendants deny that they have violated such laws.

2. Defendants admit the allegations set forth in Paragraphs 2 through 4 of Plaintiffs' Complaint.

3. Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit only that a Notice of Claim was served on the Attorney General on July 15, 2011. Defendants deny that such Notice of Claim "complied in all ways with A.R.S. § 12-821.01." For example, the Notice of Claim fails to indicate the relationship of claimants to the deceased. The Notice of Claim fails to set forth any basis whatsoever with respect to the settlement amounts demanded in the Notice of Claim with respect to each individual claimant. The Notice of Claim mentions "gross negligence," but no other claim.

## PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth at paragraphs 6 through 10 of Plaintiffs' Complaint.

5. Defendants admit the allegations set forth in Paragraphs 11 through 16 of Plaintiffs' Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 17 of Plaintiffs' Complaint, and therefore deny the same.

7. Defendants admit the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 19 of Plaintiffs' Complaint, and therefore deny the same.

9. Defendants admit the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

## FACTS COMMON TO ALL COUNTS

10. Defendants admit the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

11. Answering Paragraphs 22 through 69 of Plaintiffs' Complaint, these Defendants acknowledge that there is some support for the factual allegations set forth in those paragraphs through a review of the available Department of Corrections documents regarding the incident that is the subject of this lawsuit. However, at this point, these Defendants are not in a position to admit the truth of such specific allegations until a fuller investigation can be undertaken. Defendants deny allegations of violation of DOC policy, negligence, gross negligence, and other conclusions drawn from the information contained in whatever documents are in Plaintiffs' possession.

12. Defendants deny the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

## CLAIMS FOR RELIEF

### Count One – 42 U.S.C. § 1983

13. Defendants hereby incorporate as though fully set forth herein their answers to Paragraphs 1 through 70 of Plaintiffs' Complaint.

14. Answering Paragraph 72 of Plaintiffs' Complaint, Defendants do not deny that Plaintiffs make allegations concerning 42 U.S.C. § 1983 at Section IV of their Complaint.

15. Defendants deny each of the allegations set forth in Paragraphs 73 through 77 of Plaintiffs' Complaint.

## Count Two – 42 U.S.C. § 1983

16. Defendants hereby incorporate as though fully set forth herein their answers to Paragraphs 1 through 77 of Plaintiffs' Complaint.

17. Answering Paragraph 79 of Plaintiffs' Complaint, Defendants do not deny that Count II of Plaintiffs' Complaint makes allegations concerning 42 U.S.C. § 1983. Defendants affirmatively allege that there is no cognizable "supervisory responsibility" claim pursuant to 42 U.S.C. § 1983.

18. Defendants deny the allegations set forth at Paragraphs 80 through 82 of Plaintiffs' Complaint.

19. Answering Paragraphs 83 through 92 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs, and therefore deny the same. Moreover, the allegations set forth at Paragraphs 83 through 92 of Plaintiffs' Complaint are irrelevant, and do not pertain to the claims of these Plaintiffs.

20. Defendants deny the allegations set forth at Paragraphs 93 through 100 of Plaintiffs' Complaint.

## Count Three – Negligence and/or Gross Negligence

21. Defendants hereby incorporate as though fully set forth herein their answers to Paragraphs 1 through 100 of Plaintiffs' Complaint.

22. Answering Paragraph 102 of Plaintiffs' Complaint, Defendants admit only that they have a duty, pursuant to Arizona law, to provide reasonable medical treatment for inmates.

23. Defendants deny the allegations set forth at Paragraphs 103 through 105 of Plaintiffs' Complaint.

## Count Four – Article 2, Sections 2 and 15 of the Arizona Constitution

24. Defendants hereby incorporate as though fully set forth herein their answers to Paragraphs 1 through 105 of Plaintiffs' Complaint.

25. Answering Paragraph 107 of Plaintiffs' Complaint, Defendants state that Article 2, Sections 2 and 15 of the Arizona Constitution speak for themselves. Defendants deny that their conduct violated any Arizona constitutional provisions as alleged, or at all.

26. Defendants deny the allegations set forth at Paragraph 108 of Plaintiffs' Complaint.

**Count Five – Wrongful Death A.R.S. § 12-611 et. seq.**

27. Defendants hereby incorporate as though fully set forth herein their answers to Paragraphs 1 through 108 of Plaintiffs' Complaint.

28. Defendants deny the allegations set forth at Paragraphs 110, 112, and 113 of Plaintiffs' Complaint.

29. Answering Paragraph 111 of Plaintiffs' Complaint, Defendants state that A.R.S. § 12-611 *et. seq.* speaks for itself.

30. Any fact alleged in Plaintiff's Complaint which is not specifically admitted, is denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action upon which relief may be granted and should be dismissed under Rule 12(b)(6), A.R.C.P.

2. Plaintiff's Complaint must be dismissed for Plaintiff's failure to file a timely or appropriate claim as required by A.R.S. §12-821.01.

3. Plaintiff's Complaint must be dismissed for Plaintiff's failure to comply with the statute of limitations set out at A.R.S. §12-821.

4. State Defendants allege that Plaintiff's claims are barred by qualified immunity under federal law.

5. The State is immune pursuant to A.R.S. §12-820.01

6. The State is immune pursuant to A.R.S. §12-820.02.

7. States, state agencies and state officials acting in their official capacity cannot be sued under 42 U.S.C. § 1983, because they are not considered to be "persons" under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

8. The State of Arizona does not qualify as a "person" within the meaning of 42 U.S.C. § 1983, and cannot be sued for money damages.

9. There is no cognizable claim for lack of supervisors responsibility pursuant to 42 U.S.C. §1983.

10. Plaintiffs assumed the risk of injury by his actions.

11. Plaintiffs' claims/damages are barred and/or reduced by Plaintiffs' contributory negligence, comparative negligence and/or assumption of the risk by individuals, whether parties to this lawsuit or not, other than these answering Defendants.

12. Pursuant to A.R.S. § 31-238(D), Defendants have the right to set off the cost of incarceration against any judgment awarded Plaintiffs.

13. Affirmatively alleges Defendants have qualified immunity pursuant to A.R.S. § 12-820.02(A), as it was neither grossly negligent nor intended to cause injury.

14. Affirmatively alleges that Plaintiffs sustained no injury as a result of Defendant's action or inaction.

15. Affirmatively alleges that Defendants at all times alleged herein acted professionally and pursuant to legitimate penological interest and in compliance with all state constitutional amendments.

16. Plaintiffs failed to mitigate her damages.

17. Plaintiffs' Complaint fails to state a viable claim pursuant to A.R.S. § 31-201.

18. The injuries and damages described in the Complaint were proximately caused by the acts or the omissions of third persons and entities for which State Defendant is not liable.

19. Plaintiffs' injuries and damages, if any, were caused in whole or in part by the negligence of other parties and/or non-parties at fault. See A.R.S. §12-2506.

20. The State of Arizona is not sure which if any additional affirmative defenses may be applicable and therefore reserves the right to allege further defenses after discovery is undertaken.

WHEREFORE, having answered Plaintiffs' Complaint, the State prays for judgment as follows:

    a. That Plaintiffs take nothing and the Complaint be dismissed;

    b. For costs and attorneys' fees incurred herein pursuant to 42 U.S.C. §1988; and;

    c. For such other relief as the court may deem fair and equitable.

DATED this 20th day of April, 2012.

THOMAS C. HORNE
Attorney General

/s/Jonathan Weisbard
JONATHAN WEISBARD
Assistant Attorney General
*Attorney for Defendants*

1  I hereby certify that on April 20, 2012, I electronically transmitted the attached
2  document to the *Clerk of the Court using the ECF System.*
3  **COPIES** of the foregoing and the Notice of Electronic Filing were mailed this
4  same date to:

Amy Wallace, Esq.
Gillespie, Shields & Durrant
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020-5262
*Attorneys for Plaintiff*

/s/ Moira Egan Green
LMS11-0299/RSK:G11-20473/2667583